R. L. PEARSON, Plaintiff in Error, v. COLUMBIA CASUALTY COMPANY, Defendant in Error.

199 So. 339
Division A
Opinion Filed December 20, 1940

G. P. Garrett, for Plaintiff in Error;

Maguire, Voorhis & Wells, for Defendant in Error.

PER CURIAM.—Writ of error brings for review judgment in favor of the defendant in a suit where the plaintiff, a

'cash buyer of citrus fruits, instituted suit against the surety on the bond of a citrus dealer made and executed under the provisions of Chapter 17777, Acts of 1937.

Plaintiff in error contends that the bond provided for in the Act, *supra,* protects the claim of a dealer in citrus fruit not being a producer of citrus fruits, in transactions had with a citrus fruit dealer as defined in the statute. The pertinent part of the Act is found in Section 3 thereof, reading as follows:

"That before any license is granted by the Commissioner to any person other than an agent as defined in this Act, the applicant therefor must deliver to the Commissioner a good and sufficient cash bond or surety bond executed by the applicant as principal and by a surety company qualified and authorized to do business in this State as surety, in the amount of Ten Dollars for each one thousand standard packed boxes of citrus fruit that the said applicant intends to deal with during the next twelve months, as set forth in his application, up to and including one million standard packed boxes of citrus fruit; provided, however, that no bond shall be less than Five Hundred Dollars in amount nor greater than Ten Thousand Dollars in amount. Said bond shall be in the form approved by the Commissioner and shall be conditioned upon compliance with the pro-visions of this Act, and upon faithful compliance with the conditions of all contracts, verbal or written, made by the citrus fruit dealer with producers relative to the purchase, handling, sale and accounting of sale of citrus fruit and upon applicant accounting for the proceeds of any citrus fruit contracted for in accordance with the terms of the contracts with producers. Said bond shall be to the Com-missioner and his successors in office, in favor of every producer with whom applicant deals in the purchase, handling, sale and accounting of sales of citrus fruit. The

aggregate accumulated liability under any such bond shall not exceed the amount named therein."

Our construction is that this language limits the protection of the bond to producers. The terms of the bond which is the cause of action sued on here limit its application to the coverage contemplated by statute by the use of the following language, to-wit:

"Now THEREFORE, the conditions of this obligation are such that if the above named principal shall well and truly comply with the provisions of this Act, and with the conditions of all contracts, verbal or written, made by the said principal with producers relative to the purchase, handling, sale and accounting of sales of citrus fruit, and fully account for the proceeds of any citrus fruit contracted for, in accordance with the terms of the contracts with producers, then this obligation to be void, otherwise to remain in full force and effect, . . ."

The plaintiff in error contends that under paragraph 4 of Section 4 of the Act, which reads as follows: "For any citrus fruit dealer to make, for a fraudulent purpose, any false or misleading statement concerning the condition, quality, quantity or disposition of, or the condition of the market for, any citrus fruit which is received by such fruit dealer or bought or sold or contracted to be bought or sold by such citrus fruit dealer; or the purpose or sale of which is negotiated by such citrus fruit dealer; or to fail or refuse truly and correctly to account promptly in respect of any such transaction in any such citrus fruit to the person with whom such transaction is had," the surety is liable for the citrus fruit dealer's failure to account for and pay to the plaintiff the amounts found to be due by the dealer to the plaintiff. We do not agree with this construction.

Chapter 16860, Acts of 1935, was in many respects identical with Chapter 17777, Acts of 1937 and Act of 1937

was a complete revision of the 1935 Act.   Section 3 of the 1935 Act provided, *inter alia:*

"Said bonds shall be in the form approved by the Commissioner and shall be conditioned upon compliance with the provisions of this Act and upon faithful compliance with the conditions of all contracts, verbal or written, made by the citrus fruit dealer with producers and/or any person· contracting with the citrus fruit dealer relative to the purchase, handling, sale and accounting of sales of citrus fruit and upon applicant accounting for the proceeds of any citrus fruit contracted for in accordance with the terms of the contracts with producers, said bond shall be to the Governor of the State of Florida and his successors in office, in favor of every person with whom applicant deals in the purchase, handling, sale and accounting of sales of citrus fruit.   The aggregate accumulated liability under any such bond shall not exceed the amount named therein. Every such bond shall continue in force and effect until notice of the termination thereof is given by registered mail to the Commissioner, and every such bond shall set forth such fact.   Any person or producer claiming to be injured or damaged by any act of said citrus fruit dealer, or the Commissioner on behalf of all producers and/or persons contracting with the said citrus fruit dealer, may maintain an action on said bond against the citrus fruit dealer and the surety named in said bond, or either of them, and any · judgment against the citrus fruit dealer and/or surety in any such action shall include costs."

By comparison of the provisions quoted from the 1937 Act and those quoted from the 1935 Act it will be seen that the Legislature deliberately excluded from the protection of the bond to be given all persons except *producers* of citrus fruit.

It, therefore, follows that the plaintiff was not within the

protection of the defendant's bond and the judgment in favor of the defendant was without error and is affirmed.

So ordered.

TERRELL, C. J., BUFORD, THOMAS and ADAMS, J. J., concur.

Justices WHITFIELD, BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.